STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Joseph Darryl WILLS, Defendant-Appellant.

Supreme Court

*No. 92–3243–CR. Oral argument May 25, 1995.—Decided June 7, 1995.*

(Also reported in 533 N.W.2d 165.)

For the plaintiff-respondent-petitioner the cause was argued by *Gregory Posner-Weber,* assistant attorney general, with whom on the briefs was *James E. Doyle,* attorney general.

For the defendant-appellant there was a brief by *Bill Ginsberg, Rick B. Meier* and *Mandell & Ginsberg,* Madison, and oral argument by *Bill Ginsberg.*

WILLIAM A. BABLITCH, J. The State of Wisconsin (State) seeks review of a court of appeals' decision which held that Joseph Wills was entitled to be resentenced because the prosecutor violated the terms of the plea agreement entered into between Wills and the State. In this review we are asked to determine: (1) the appropriate standard of appellate review to be utilized in determining whether a prosecutor violated the terms of a plea agreement; and (2) whether the prosecutor violated the terms of the plea agreement in this case.

The court is equally divided on whether to affirm or reverse the court of appeals with respect to the issue of whether the prosecutor violated the terms of the plea agreement in this case. Chief Justice Heffernan, Justice Bablitch and Justice Geske would affirm; Justice Day, Justice Steinmetz and Justice Wilcox would reverse. Justice Abrahamson did not participate. Accordingly, the decision of the court of appeals with respect to that issue is affirmed. Consequently, our sole task is to determine the appropriate standard of appellate review to be utilized in determining whether the prosecutor violated the terms of the plea agreement.

The facts relevant to this review are not in dispute. Pursuant to a plea agreement, Joseph Wills pled no contest to a charge of first-degree intentional homicide while armed with a dangerous weapon. In turn, the State agreed to recommend that Wills' eligibility for parole would be determined by the parole commission under sec. 304.06(1), Stats., and not by the circuit court under sec. 973.014(2), Stats. (1991–92).[1]

---

[1] Section 973.014, Stats. (1991–92), provides in part:

**Sentence of life imprisonment; parole eligibility determination.** When a court sentences a person to life imprisonment

Prior to sentencing the court sent both parties a letter inviting arguments with respect to the court's exercise of its sentencing discretion under sec. 973.014, Stats. (1991–92). The State responded with a letter which is the gravamen of this case. Wills contends that the State breached the plea agreement in the letter by failing to argue for the agreed recommendation, and the court consequently set Wills' parole eligibility date at September 8, 2013. On a postconviction motion for resentencing, the circuit court determined that the State's written argument did not violate the terms of the plea agreement. Accordingly, it denied Wills' motion. The court of appeals disagreed and the State seeks review of that decision.

The issue left to be determined is the standard of review with respect to the question of whether the prosecutor breached the plea agreement. The State contends that the question of whether a prosecutor violated the terms of a plea agreement is a mixed question of law and fact. Accordingly, the State contends that the facts should be reviewed under the clearly erroneous standard of review, and the issue of whether those facts constitute a violation of a plea agreement should be reviewed under a *de novo* standard of review.

---

for a crime committed on or after July 1, 1988, the court shall make a parole eligibility determination regarding the person and choose one of the following options:

(1) The person is eligible for parole under s. 304.06(1) [which provides how and when the parole commission should make a parole determination].

(2) The person is eligible for parole on a date set by the court. Under this subsection, the court may set any later date than that provided in s. 304.06(1), but may not set a date that occurs before the earliest possible parole eligibility date as calculated under s. 304.06(1).

Section 973.014 (1991–92), was amended by 1993 Act 289.

Wills in most respects agrees with the State. He agrees that in cases where there is both a factual dispute and a question of whether the facts establish a breach, the court should uphold the circuit court's findings of fact unless clearly erroneous and then review the question of whether the plea agreement was violated under a *de novo* standard of review. He contends, however, that not every case will present a mixed question of law and fact; in cases where the facts are not in dispute the only issue is a legal one properly reviewed under a *de novo* standard of review.

We conclude that the appropriate standard of review for the question of whether a prosecutor violated the terms of a plea agreement will depend on the circumstances of each case. If there are disputed questions of fact on appeal, that is, if the question of whether the prosecutor violated the terms of the plea agreement turns on a question of fact, then the court must give deference to the factual findings of the circuit court unless clearly erroneous. *See, e.g., State v. Jorgensen,* 137 Wis. 2d 163, 169, 404 N.W.2d 66 (Ct. App. 1987) (utilizing this standard on appeal when there was a dispute as to what the parties meant when they agreed that the prosecutor would remain "silent" at sentencing). If there are no disputed questions of fact on appeal, as is the case here, the question is one of law to be reviewed *de novo* without deference to the lower courts. *See, e.g., State v. Ferguson,* 166 Wis. 2d 317, 320–21, 479 N.W.2d 241 (Ct. App. 1991) ("The facts in this case are undisputed. Whether the state's conduct violated the terms of the plea agreement is a question of law which we review *de novo.")* Finally, if there is both a disputed question of fact and a question of whether the facts establish a breach, the court must

277

first review the facts under a clearly erroneous standard of review and then determine as a matter of law under a *de novo* standard of review whether the prosecutor violated the terms of the plea agreement.

*By the Court.*—The decision of the court of appeals is affirmed.