STATE of Wisconsin, Plaintiff-Respondent,

v.

Shomari L. ROBINSON, Defendant-Appellant.†

Court of Appeals

*No. 00–1170–CR. Submitted on briefs January 5, 2001.—Decided April 5, 2001.*

## 2001 WI App 127

(Also reported in 629 N.W.2d 810.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Joseph L. Sommers,* Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Shunette T. Campbell,* assistant attorney general, and *James E. Doyle,* attorney general.

Before Vergeront, Roggensack and Deininger, JJ.

¶ 1. DEININGER, J. Shomari Robinson appeals a judgment convicting him of second-degree sexual assault of a child, and an order denying postconviction relief. He claims that his plea agreement with the State was breached when he was prevented from presenting certain evidence at his sentencing hearing, and, alternatively, that the trial court erred in not allowing the evidence. We reject both arguments and affirm.

## BACKGROUND

¶ 2. Robinson originally faced three charges: one count of second-degree sexual assault alleging intercourse with a person under the age of sixteen years; a second count of sexual assault, based on the same incident, alleging intercourse "by use or threat of force or violence"; and battery to a child, also arising from the same incident. Under a plea agreement with the State, he pled no contest to the first count and the other two

183

charges were dismissed. Because the substance of the plea agreement is at the heart of this appeal, we set out below what Robinson's trial counsel and the prosecutor said on the record regarding their agreement:

[DEFENSE COUNSEL]: [T]he state and I have come to an agreement on this case and what that—what that agreement is—for the record is that Mr. Robinson will be pleading guilty or—he will be pleading no contest to count one in the criminal complaint. Everything else in the complaint including the repeater allegations will be dismissed. And we would like to have this matter set over for sentencing at which point *we will be arguing sentence on this case.*

. . . .

[PROSECUTOR]: Your Honor, that's essentially correct. It's my understanding he'll plead no contest to count one of the information as opposed to the complaint. Counts two and three are the only other counts that relate to Mr. Robinson. Count two covers the same conduct that count one covers, that is, the sexual assault and in exchange for the plea to count one the state will agree to dismiss count two. We will also dismiss count three.

It is our intention by taking a plea—It's both the state and the defense's intention that by having a plea to second degree sexual assault of a child, that *both sides are free to argue at sentencing for whatever they feel is appropriate and the nature of the sexual assault will be not really litigated at that time but there will be evidence that will be presented at that time that will go to the nature of the sexual assault,* whether it was purely an age case or whether there was force and violence involved.

(Emphasis added.)

¶ 3. The fifteen-year-old victim testified at the preliminary hearing that Robinson assaulted her in the rear seat of a car in which Robinson had driven her and several others to a school playground. After the others left the car, the victim testified that Robinson got into the back seat with her and asked her to have sex with him. After she refused, according to the victim, Robinson pinned her down, removed her clothing and had intercourse with her. She also said that, while struggling with Robinson, she put her foot through a car window, and that he slapped her face.

¶ 4. At the sentencing hearing Robinson's counsel requested that the court view a car alleged to be the one in which the assault occurred. The court declined, saying:

> I decline to look at the car. The violation of the discovery statute [as argued by the State] is part of the problem. But this is a sentencing. Mr. Robinson has pled. He's here for sentencing. It is not a trial. We're not going to go take a view of a car, especially when no one has been provided notice of this request. And the sentencing provisions in the statutes are quite specific about what can be allowed at sentencing, and I think for the very reason that courts are not to relitigate cases at sentencing. And what is allowed at a sentencing is [a] statement by the victim, that is an absolute right, and other statements by people as the court sees fit.
>
> I see nothing that would allow me to go out and take a look at a car that may or may not have been involved in a sexual assault of a child. I decline to do it . . . .

Defense counsel then stated that he "had hoped to call witnesses" at the sentencing regarding the car and the condition of the window. The court responded that "Mr.

Robinson can make a statement about what he feels I need to know, and it is his absolute right to tell me what he thinks I need to know before I sentence him, and you have a limited right to present statements in the court's discretion."

¶ 5. The discussion continued. Counsel inquired if he could "make offers of proof on what I wanted to bring in," to which the court replied:

> You can argue. You can tell me in argument what you think the facts are. You can argue from the presentence. That's why a presentence is prepared. That's why we go through the process of saying what's in the presentence that isn't right. Tell me, so that Mr. Robinson can be sentenced on correct information. But it is long, long past the time to retry the case.

The court then inquired of counsel whether he had "anyone here who was at the scene who could testify about the events that night?" Counsel acknowledged that he did not, that "[t]he major portion of the witnesses that I have have to do with this car." The court then informed counsel that he would not be allowed to call witnesses "about the condition of the car," and counsel stated that he would not call any witnesses.

¶ 6. The prosecutor argued, based on the victim's preliminary hearing testimony, that Robinson had committed a forcible sexual assault, for which he had shown little remorse, given his claim of consensual sexual activity. She also pointed to witness statements to the effect that the victim claimed to have been raped and was upset, crying and throwing up immediately after the encounter with Robinson.[1] Pointing to Robin-

---

[1] These witnesses did not testify at the preliminary hearing, and we were unable to locate their statements in the record.

son's prior record and failure on probation, the State requested a "six to eight year" prison sentence.

¶ 7. Defense counsel took issue with the prosecutor's version of the offense and presented Robinson's version of what occurred—that the victim had consented to intercourse. He pointed to discrepancies between the victim's story and the statements of other witnesses who were at the scene of the incident and detailed what he deemed the victim's motivation to lie about the character of the incident.

¶ 8. The court, responding to the defense argument, inquired whether Robinson wanted to withdraw his plea or to have the sentencing set over. Counsel replied that he "would like to discuss that with my client . . . because of your unwillingness to allow me to have witnesses in terms of what car was actually used that night," but there is no indication in the sentencing transcript that counsel and Robinson actually conferred on the matter. Instead, counsel proceeded with his argument, requesting that Robinson receive probation and jail time for the statutory assault in lieu of a prison sentence.

¶ 9. Robinson then personally addressed the court. He admitted that he "did attempt to have sex with" the victim, but did not rape her. He also acknowledged that he had originally lied about what car he had been driving that night in order to protect his friend who owned it. Robinson claimed that the victim's version of the incident was a lie, and that no window had been kicked out of the car. He claimed that she attempted to perform oral sex on him but, at his request, consented to intercourse instead. According to Robinson, the victim removed her own clothing, and he attempted intercourse "two or three times, and it

187

wasn't working because she was too small. I stopped . . . . That was basically it."

¶ 10. Following the arguments of counsel and Robinson's allocution, the court stated it had extensively reviewed the record, "struggling to know everything I can about you and about this offense and whose version I ought to believe." It rejected Robinson's version of the offense as "simply inconsistent with the contemporaneous statements of the other people who were at the scene."[2] The court then reviewed the presentence investigation information regarding Robinson's background and character, past offenses, probation and revocation, and his need for treatment. The court sentenced Robinson to five years in prison for the sexual assault.

¶ 11. Robinson moved for postconviction relief, alleging "1) Breach of plea agreement/ineffective assistance of counsel; and 2) Sentencing based on inaccurate information due to an erroneous use of discretion by the trial court." The trial court found no breach of Robinson's plea agreement with the State and thus no deficient performance on trial counsel's part for failing to allege a breach prior to sentencing. The court also noted that, even if it had received evidence regarding whether a car window had been broken, it likely would have come to the same conclusion regarding Robinson's sentence. In lieu of an evidentiary proceeding, Robinson's postconviction counsel was permitted to make an offer of proof regarding the matters he would have presented through testimony at the hearing. The offer included the anticipated testimony of several witnesses

---

[2] The court noted the statements of witnesses reporting that the victim was "vomiting and crying afterwards and saying that she was raped." See note 1, above.

regarding the car Robinson was driving on the night of the offense and its lack of a broken window thereafter.

¶ 12. The court entered an order denying Robinson's postconviction motion, and he appeals that order as well as his conviction.

## ANALYSIS

■

¶ 13. Robinson makes the same claims on appeal as he raised in his postconviction motion. It is undisputed that Robinson first alleged that the plea agreement was breached in his postconviction motion. An alleged breach of a plea agreement is waived if the issue is not raised before a defendant is sentenced. *State v. [Mickey Lee] Smith*, 153 Wis. 2d 739, 741, 451 N.W.2d 794 (Ct. App. 1989) (A defendant waives the right to object to an alleged breach of a plea agreement when he or she "fails to object and proceeds to sentencing after the basis for the claim of error is known to the defendant."). Inasmuch as Robinson has combined his allegation of a breach of plea agreement with a claim of ineffective assistance of counsel, however, we begin our inquiry regarding counsel's performance with a consideration of whether a breach occurred. *See State v. [Tony M.] Smith*, 207 Wis. 2d 258, 264 ¶ 6, 558 N.W.2d 379 (1997). We conclude that one did not.

¶ 14. The trial court specifically concluded that Robinson's plea agreement with the State had not been breached. Our review is in two parts:

> If there are disputed questions of fact on appeal, that is, if the question of whether the prosecutor violated the terms of the plea agreement turns on a question of fact, then the court must give deference to the factual findings of the circuit court unless

189

clearly erroneous. *See, e.g., State v. Jorgensen*, 137 Wis. 2d 163, 169, 404 N.W.2d 66 (Ct. App. 1987) (utilizing this standard on appeal when there was a dispute as to what the parties meant when they agreed that the prosecutor would remain "silent" at sentencing). . . . [I]f there is both a disputed question of fact and a question of whether the facts establish a breach, the court must first review the facts under a clearly erroneous standard of review and then determine as a matter of law under a *de novo* standard of review whether the prosecutor violated the terms of the plea agreement.

*State v. Wills*, 193 Wis. 2d 273, 277–78, 533 N.W.2d 165 (1995).

¶ 15. Here, the trial court did not expressly separate its conclusion that the plea agreement had not been breached into a factual determination regarding what the parties had agreed to, and a legal conclusion as to whether what transpired at sentencing conformed to the agreement. We conclude, however, that the court made both determinations. In concluding that the plea agreement had not been breached, the trial court said that it "came into the sentencing knowing full well that the parties had preserved the right to argue whether or not this was a forcible sexual assault or not. I wasn't sure whether the parties were going to be presenting evidence or simply argument." Thus, in the trial court's view, the parties had clearly agreed that the nature of the sexual assault would be argued at sentencing, and further that some evidence might be offered on the issue. The court's remarks show that the court did not view the parties' agreement as calling for a full-blown trial of the details of the offense, however, and the record supports this finding.

¶ 16. In defense counsel's statement of the agreement at the plea hearing, he did not employ the words "evidence" or "testimony" in describing what the parties had agreed regarding the sentencing hearing. Rather, he told the court that "we will be arguing [the] sentence on this case." Unlike defense counsel, the prosecutor did use the word "evidence" in her recitation of the parties' agreement, but her remarks also qualified the term by indicating that any evidentiary aspects of the sentencing hearing would be limited in scope:

> It's both the state and the defense's intention that by having a plea to second degree sexual assault of a child, that both sides are free to argue at sentencing for whatever they feel is appropriate and the nature of the sexual assault will be not really litigated at that time but there will be evidence that will be presented at that time that will go to the nature of the sexual assault, whether it was purely an age case or whether there was force and violence involved.

We thus conclude that the trial court did not clearly err in finding that the plea agreement called for argument by the parties, and at most, a very limited presentation of evidence at sentencing regarding the nature of the sexual assault.

¶ 17. Given that the parties' agreement called for the right to argue and to present limited evidence at sentencing regarding the nature of the sexual assault, we conclude, as did the trial court, that the agreement was not breached. Robinson gave his version of what occurred on the night in question, and his counsel

argued at length as to why his client's statement was more credible than the victim's preliminary hearing testimony. Although the court specifically declined to view the car proffered at sentencing, it did not deny Robinson the opportunity to present evidence other than that relating to the condition of the proffered car. In fact, the court specifically offered to consider testimony from any persons who were present in the schoolyard at the time of the assault.

¶ 18. In short, we conclude that Robinson got everything he bargained for: the dismissal of two felony counts and the opportunity to persuade the court at sentencing that the assault to which he pled was simply an "age case" rather than a forcible assault. The agreement did not provide that Robinson would be permitted to introduce any and all evidence he wished at sentencing, regardless of its relevance and probative value. Even if Robinson's understanding of what he would be permitted to present at sentencing was broader than the prosecutor's, the parties could not supplant the court's exercise of discretion in setting the permissible bounds of the sentencing hearing, anymore than an agreement for a joint sentencing recommendation may bind a court's discretion in imposing the sentence itself. In the absence of a plea agreement breach, Robinson's counsel's performance was neither deficient nor prejudicial for failing to raise the issue prior to sentencing. *See State v. Hanson*, 2000 WI App 10, ¶ 31 n.5, 232 Wis. 2d 291, 606 N.W.2d 278, *review denied*, 234 Wis. 2d 177, 612 N.W.2d 733.

¶ 19. What remains is for us to consider whether the trial court erroneously exercised its discretion by prohibiting Robinson from presenting his "car evidence" at sentencing. As the trial court correctly noted,

the only statements which a court must permit at sentencing are those of the defendant and his counsel, the victim and the prosecutor. *See* WIS. STAT. § 972.14 (1999–2000).[3] The receipt or consideration of any other statements or evidence at sentencing is within the court's discretion, and is conditioned upon being "relevant to the sentence." Section 972.14(3)(b). Here, the court concluded that the proffered "car evidence" had little or no probative value regarding the nature of the offense, and it certainly did not bear on any of the other sentencing factors. The trial court acknowledged that evidence relating to what car Robinson was driving and whether its window was broken out on the night in question might have some bearing on the overall credibility of the victim's description of the offense, but concluded that the evidence would have had no impact on the court's sentencing decision.[4] Thus, we conclude that the court committed no evidentiary error in refusing to allow the "car evidence" at Robinson's sentencing.

¶ 20. Robinson, however, also argues that he has a due process right to be sentenced on the basis of accurate information. We do not quarrel with the proposition. The supreme court has recently emphasized this right in *State v. Spears*, 227 Wis. 2d 495, 596 N.W.2d 375 (1999), which Robinson cites in support of

---

[3] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[4] The trial court said at the postconviction hearing that "[i]f I had heard that perhaps the window had not been broken . . . I believe I would have come to the same conclusion." The court noted that it placed considerable weight at sentencing on the fact that probation had "been tried and it didn't work," and that Robinson needed "something more in the way of treatment, more than probation and jail time would provide."

his entitlement to present evidence at sentencing' to refute the victim's version of the offense. His reliance on *Spears*, however is misplaced. The supreme court held in *Spears* that "where a victim's criminal record supports a defendant's version of a crime, the gravity of which crime is a sentencing factor, it should be admitted as evidence at the defendant's sentencing hearing." *Id.* at 511 ¶ 30. The specific error committed by the trial court was its "refus[al] to consider" this evidence, *id.* at 508 ¶ 22, which the supreme court deemed relevant to the circumstances leading to the crime in question. *Id.* at 499 ¶ 3, 508 ¶ 23.

¶ 21. In this case, however, the trial court did not refuse to consider relevant evidence regarding the nature of the offense Robinson had committed. It simply declined to permit the sentencing hearing to be diverted into litigation of what vehicle the defendant had been driving and whether a window in the car had been broken. Evidence that a car window had not been broken would not have made it any "more probable or less probable" that the sexual assault was consensual as opposed to forcible. *See* WIS. STAT. § 904.01. We concur with the trial court's assessment that the "car evidence" was not relevant to the issues at sentencing:

> I kept my mind open as to whether or not evidence could be presented. And what I was given was a request from [defense counsel] that I should go out and take a look at a car that could be driven from Monona Terrace over to the front of the courthouse so that I could determine as part of the sentencing process whether it was the same car that was used in the sexual assault. I rejected that as simply not pertinent, not relevant to the sentencing because how could I determine from looking at the car whether or not it was the same car?

194

Then [defense counsel] said well, there will be other people who will testify about whether there was broken glass, whether it had to be repaired, and at that point I think the record bears this out very clearly, I said this is a collateral issue. This is not—whether the window is broken or not isn't going to tell me whether this was a forcible sexual assault. It may tell me something about the credibility of the victim, so [defense counsel], tell me what you would put on as evidence if I were to consider the credibility of the victim. And he did. He went on at great length.

¶ 22. *Spears* does not stand for the proposition that a defendant may, at sentencing, present any and all evidence he or she wishes to present. We conclude that the trial court did not violate Robinson's right to due process in disallowing the "car evidence" at Robinson's sentencing hearing.

### CONCLUSION

¶ 23. For the reasons discussed above, we affirm the appealed judgment and order.
*By the Court.*—Judgment and order affirmed.