# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0291** (Kanawha County 13-F-289)

**Tremale Leon Straughter,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Tremale Leon Straughter pled guilty in January 2014 to the first-degree murder of his childhood friend Harold Donovan "DonDon" Taylor. At his plea hearing, the State informed the circuit court that evidence would show that Mr. Straughter used an "AK-47 style" assault rifle to shoot into Mr. Taylor's automobile at least thirty times early one morning after the two argued, and Mr. Taylor bled to death from multiple bullet wounds. When Mr. Straughter appeared for his sentencing hearing, he told the court that he was remorseful, but the court nevertheless ordered that he be imprisoned in the West Virginia State Penitentiary for the remainder of his life, without the possibility of parole. Mr. Straughter did not immediately appeal his sentence, but the circuit court, on Mr. Straughter's motion, resentenced him for purposes of appeal by order entered on March 21, 2022.

On appeal, Mr. Straughter asserts four assignments of error. He argues that the State's assistant prosecuting attorney failed to stand silent at his sentencing hearing, in violation of the plea agreement; that the circuit court relied on impermissible factors in denying him mercy; that he was uninformed when entering his plea and that the plea was involuntary; and that his trial counsel was ineffective throughout his plea negotiations, the entry of his plea, and his sentencing.[1] Having thoroughly reviewed the appendix record on appeal, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. Proc. 21.[2]

---

[1] With respect to each assignment of error, Mr. Straughter fails to explain if or how he raised the issues before the circuit court and, in one instance, he suggests that we should review his assignment of error for plain error. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, State v. Miller, 195 W. Va. 3, 459 S.E.2d 114 (1995). As detailed in the body of this decision, we find that Mr. Straughter fails to establish error with respect to any of the issues presented and he fails, therefore, to establish the first prong required for application of the plain error doctrine.

[2] Mr. Straugher appears by counsel Charles R. Hamilton. Respondent State of West Virginia appears by West Virginia Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday.

1

I.

Mr. Straughter's agreement with the State provided that the State would "stand silent as to sentencing, however, the Office of the Prosecuting Attorney does reserve the right to cross-examine witnesses offered in mitigation and punishment and to correct any factual inaccuracies which come to the attention of the court or which are contained in the pre-sentence investigation report." In his first assignment of error, Mr. Straughter argues that the State violated this portion of the agreement because the assistant prosecuting attorney, first, informed the court of the dismissal of a witness intimidation charge filed against Mr. Straughter's brother and, second, argued that the victim's autopsy report showed the presence of alcohol and cocaine, but not "other drugs" as Mr. Straughter's defense counsel had argued.[3] Mr. Straughter argues that the assistant prosecuting attorney was wrong when he told the court that there was no evidence of "other drugs" in Mr. Taylor's body.[4] Because Mr. Straughter argues that the State breached the plea agreement, we review under the standard set forth in Syllabus Point 1 of *State ex rel. Brewer v. Starcher*, 195 W. Va. 185, 465 S.E.2d 185 (1995). In *Brewer*, this Court held:

> Cases involving plea agreements allegedly breached by either the prosecution or the circuit court present two separate issues for appellate consideration; one factual and the other legal. First, the factual findings that undergird a circuit court's ultimate determination are reviewed only for clear error. These are the factual questions as to what the terms of the agreement were and what was the conduct of the defendant, prosecution, and the circuit court. If disputed, the factual questions are to be resolved initially by the circuit court, and these factual

---

[3] The presentence investigation report explained that Mr. Straughter's brother was charged with intimidating a witness in Mr. Straughter's case. At the sentencing hearing, the assistant prosecuting attorney informed the court, at the court's invitation, that he wished to correct an inaccuracy in the presentence investigation report:

> Your Honor, in reviewing the report, there was only one inaccuracy that I saw. Doesn't really pertain to this defendant, though, but I would, since you asked, point it out that it refers to his brother, Tremane Straughter, having a charge for intimidation of a witness, that that was pending, and in fact, that case was dismissed. Witnesses failed to show up on that case.

The assistant prosecuting attorney's remarks do not rise to the level of "overzealous advocacy" or the improper "attempt[] to influence the [c]ourt's mercy decision" as Mr. Straughter suggests.

[4] The Office of the Chief Medical Examiner's report of death investigation includes the specific toxicology finding of "cocaine and marked alcohol intoxication." Mr. Straughter argues that the toxicology results worksheet attached to the medical examiner's report shows a concentration of tricyclic antidepressants and buprenorphine. No testimony was offered to explain the findings, and we find no evidence that the assistant prosecuting attorney offered intentionally misleading information. The assistant prosecuting attorney's clarification was consistent with the specific toxicology finding in the medical examiner's written report.

2

determinations are reviewed under the clearly erroneous standard. Second, in contrast, the circuit court's articulation and application of legal principles is scrutinized under a less deferential standard. It is a legal question whether specific conduct complained about breached the plea agreement. Therefore, whether the disputed conduct constitutes a breach is a question of law that is reviewed *de novo*.

When the facts are not in dispute, the question of whether the State's conduct breached the terms of a plea agreement is a question of law that we review de novo. *See State v. Myers*, 204 W. Va. 449, 455, 513 S.E.2d 676, 682 (1998) *citing State v. Wills*, 193 Wis.2d 273, 533 N.W.2d 165 (1995)

As a matter of law, remarks such as the ones made by the assistant prosecuting attorney do not constitute a violation of an agreement to "stand silent as to sentencing." The "straightforward and unambiguous" agreement to "stand silent as to sentencing" requires only that the State forego advocating a position as to what sentence a court should pronounce. *State v. Wilson*, 237 W. Va. 288, 294, 787 S.E.2d 559, 565 (2016). We emphasize that the language we interpreted to reach this conclusion in *Wilson* was remarkably similar to the language of Mr. Straughter's plea agreement.

Mr. Straughter pled guilty to first-degree murder. In his situation, as in *Wilson*, "there were two possible sentences the court could have imposed: life with mercy and life without mercy." *Id*. In *Wilson*, we found that the prosecuting attorney did not take an improper position when he addressed the court to correct defense counsel's "whitewashing of the facts," because the prosecuting attorney did not suggest that mercy should or should not be given. *Id*. at 292, 787 S.E.2d at 563. Likewise, there is no evidence that the assistant prosecuting attorney attending Mr. Straughter's sentencing hearing advocated that a particular sentence be pronounced. Moreover, the appendix record establishes that the circuit court was sufficiently acquainted with the necessary facts to support its conclusion and the assistant prosecuting attorney's conduct at the sentencing hearing did not unduly influence the court. The State did not violate its agreement to stand silent as to sentencing, and we find no error.

II.

In his second assignment of error, Mr. Straughter argues that the circuit court considered impermissible factors when sentencing him because it noted that Mr. Straughter had a significant criminal history and because it considered items found by police officers searching his apartment as evidence of "other speculative crimes." As a "general rule" we do not review sentences imposed by a trial court unless "it is alleged that a sentencing court has imposed a penalty beyond the statutory limits or for impermissible reasons. . . ." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). The basis of Mr. Straughter's argument is that the court, when pronouncing sentence, told Mr. Straughter:

> [You have] nothing to show, frankly, for your life, but criminal conduct.
>
> Guns, shooting guns as a juvenile. Believing that's okay. A lifestyle that's been, apparently, something that you have known for more years than you haven't known.

Appears to me the only time perhaps you weren't carrying a gun is when you were incarcerated in the federal facility, but came out and didn't just violate it with a gun, you have several charges while you were under the watch of federal parole officers. . . .

In fact, I've read what police found at your home in your apartment. The drugs, scales, the bags, the bullets, the ammunition, and it's troubling and puzzling.

We find no indication in the court's remarks that the court considered impermissible factors in sentencing. "[T]he impermissible factors a court should not consider in sentencing include such matters as 'race, sex, national origin, creed, religion, and socioeconomic status . . . .' *United States v. Onwuemene*, 933 F.2d 650, 651 (8th Cir. 1991)." *State v. Moles*, No. 18-0903, 2019 WL 5092415, at *2 (W. Va. Oct. 11, 2019) (memorandum decision). The factors about which Mr. Straughter complains are not categorically prohibited under these considerations.

Nevertheless, because a "criminal 'defendant has a due process right to be sentenced on the basis of accurate information'" we emphasize that nothing we find in the appendix record suggests that the circuit court relied on either impermissible factors or erroneous facts. *See State v. Bleck*, 243 W. Va. 293, 297, 843 S.E.2d 775, 779 (2020) (citations omitted). Mr. Straughter's presentence investigation report reflects numerous criminal charges in the decade preceding Mr. Taylor's murder. Among those charges is a federal conviction of possession with intent to distribute cocaine base. While serving a sentence of supervised release for that crime, Mr. Straughter violated the terms of his supervised release when charged with several crimes including disorderly conduct and assault on an officer. After he discharged that sentence, he was charged with possession of a weapon by a prohibited person. This history firmly supports the circuit court's acknowledgment that Mr. Straughter pursued a life of "criminal conduct" and that he "had several charges while . . . under the watch of federal officers." Furthermore, the circuit court did not characterize the items found in Mr. Straughter's apartment—"[t]he drugs, scales, the bags, the bullets, the ammunition"—as evidence, but simply described the discovery as "troubling and puzzling." We find no error in this characterization. Mr. Straughter was sentenced on the basis of accurate information, and the circuit court considered no impermissible factors. We, therefore, find that the circuit court exercised appropriate discretion and we need review this assignment of error no further.

III.

In his third assignment of error, Mr. Straughter argues that the circuit court failed to observe the requirements of Chapter 27, Article 6A of the West Virginia Code to ensure that he was competent to stand trial. Though Mr. Straughter does not identify a particular ruling concerning his competency, it is apparent that the circuit court was satisfied that he was competent to stand trial. "We review the circuit court's ruling on the petitioner's competency to stand trial under an abuse of discretion standard." *See State v. Chapman*, 210 W. Va. 292, 298, 557 S.E.2d 346, 352 (2001).

4

Prior to accepting Mr. Straughter's plea, the circuit court noted that it had received the report of a forensic examination of Mr. Straughter that had found Mr. Straughter competent. Neither party objected, and the report was filed under seal. The psychiatrist who performed the evaluation ultimately opined that Mr. Straughter was competent to stand trial, but he noted in his report that Mr. Straughter was voluntarily intoxicated when he killed Mr. Taylor. Despite the psychiatrist's acknowledgment of the voluntary intoxication, he explained that Mr. Straughter "was able to recount events prior to and after the alleged offense[,] indicating adequate mental abilities in the areas of cognition and judgment such that he was able to comprehend the consequences of his actions and inhibit impulses."

Mr. Straughter's primary complaint concerning the court's handling of the competency determination appears to be that the court failed to "schedule[] a preliminary determination of his competency within five days" and, because the court failed to do so, he was unaware that he could proceed to trial and assert a diminished capacity defense. *See* West Virginia Code § 27-6A-3(a). At some points in his brief, he appears to argue that he was unaware that his competency had even been considered. Furthermore, he argues that his trial counsel was complicit in the court's failure because his counsel proceeded with the plea hearing despite declaring at the hearing that Mr. Straughter "has not been able to discuss with specificity . . . the events of the night in question because he was blind running drunk."[5]

Mr. Straughter offers no evidence supporting his assertion that the circuit court did not adequately protect his interests. West Virginia Code § 27-6A-2 sets forth the procedures required "[w]henever a court of record has reasonable cause to believe that a defendant . . . may be incompetent to stand trial. . . ." The procedures include that the court "order a forensic evaluation of the defendant's competency to stand trial. . . ." It is undisputed that this occurred and that, prior to accepting Mr. Straughter's plea, the court informed the parties at the plea hearing that it had received the forensic evaluation report and that it found Mr. Straughter competent to stand trial. Based on Mr. Straughter's phrasing, we infer that argues that the circuit court did not address the question of competency within the time allotted by statute. *See* West Virginia Code § 27-6A-3(a) ("Within five days of the receipt of the qualified forensic evaluator's report and opinion on the issue of competency to stand trial, the court of record shall make a preliminary finding on the issue of whether the defendant is competent to stand trial. . . .") Mr. Straughter offered no evidence, however, to establish when the circuit court first received a qualified report and there is, therefore, no evidence that the circuit court failed to act in the statutory time frames.

Moreover, there is no evidence that Mr. Straughter was prejudiced by the delay, if any, in the court's competency determination. He avers only that the court "made the finding that [he] had the capacity to stand trial without noting . . . criminal responsibility and diminished capacity evaluations were completed." The assertion is perplexing inasmuch as the report itself reflects that Mr. Straughter's trial counsel requested the evaluation. It is apparent from the face of the appendix record that the circuit court, on an unknown date, received the report of a forensic evaluation that

---

[5] Mr. Straughter's allegations about his attorney's actions are fully encompassed in his fourth assignment of error, where he argues that his counsel was ineffective in several respects. We, therefore, limit our discussion of the third assignment of error to the court's role in pronouncing Mr. Straughter competent to stand trial.

was prepared at Mr. Straughter's request, and that the court, upon reviewing this report, found that Mr. Straughter was competent to stand trial. It is further apparent that no objection was made to the circuit court's finding, and Mr. Straughter gave no indication that the court's competency determination affected his desire to enter his guilty plea and no indication that he required further consultation with his attorney before entering his plea. We discern no error in these facts, and find that the circuit court did not abuse its discretion.

## IV.

Finally, we turn to Mr. Straughter's fourth assignment of error. Here, he argues that his trial counsel was ineffective in advising him to enter the plea agreement, in failing to object to the assistant prosecutor's alleged violation of the plea agreement, and in failing to request a timely competency hearing or schedule an independent forensic examination. As explained above, we find no evidence that the State breached its agreement to "stand silent as to sentencing." Mr. Straughter's remaining allegations offered in support of this assignment of error implicate factual considerations related to his communications with his trial counsel. As such, Mr. Straughter's ineffective assistance of counsel claim is not primed for our review.

> "It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim." Syl. Pt. 10, *State v. Triplett*, 187 W. Va. 760, 421 S.E.2d 511 (1992).

Syl. Pt. 10, *State v. Hutchinson*, 215 W. Va. 313, 599 S.E.2d 736 (2004). For this reason, we decline to address Mr. Straughter's fourth assignment of error.

## V.

We conclude that the State did not breach its agreement to remain silent as to sentencing, and the court's sentence was based on firm foundation without consideration of impermissible factors or incorrect information. We further find that the circuit court adequately considered Mr. Straughter's competency to stand trial and there is no evidence that the court stepped outside the statutory framework. Finally, we find that Mr. Straughter's assertions about his trial counsel's ineffective representation are premature because they raise questions requiring factual development.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn